IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RAY D. SELL
                Plaintiff,

vs.                                      Case No. 20-2416

KILOLO KIJAKAZI,
Acting Commissioner of Social Security
Administration,

                Defendant.

**O R D E R**

This case is before the court upon plaintiff's motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Defendant opposes the motion upon the grounds that the Commissioner's position in this case was substantially justified. Defendant also opposes the amount of fees plaintiff requests. The court, however, will not reach the question of amount because the court, following the reasoning in McNary v. Saul, 2020 WL 5942283 (D.Kan. 10/7/2020), agrees that the Commissioner's position was substantially justified.

Plaintiff sought, and the court has granted, a reversal of a denial of Social Security disability benefits along with a remand for further proceedings. Doc. No. 17. The reversal and remand was ordered because of an apparent discrepancy between plaintiff's

1

mental limitations, as expressed by the ALJ, and the DOT[1] reasoning requirements for the jobs the vocational expert testified plaintiff could perform.  The residual functional capacity (RFC) determined by the ALJ limited plaintiff to "simple, routine, repetitive tasks involving <u>only</u> simple, work-related decisions with few, <u>if any</u>, workplace changes." (emphasis added).  To the court, these restrictions appeared inconsistent with jobs involving <u>level-two</u> reasoning, as defined in the DOT, which may require lengthy (not one- or two-step) instructions and dealing with problems involving a few concrete variables in or from standardized situations.  The RFC is arguably more consistent with a job involving only, in the language of the DOT describing <u>level-one</u> reasoning, "simple one- or two-step instructions [and d]ealing with standardized situations with occasional or no variables in or from these situations encountered on the job."  This apparent conflict was not addressed by the ALJ.

The court cited cases from the District of Kansas, the Tenth Circuit, and other courts which arguably supported and opposed the result.  <u>R.S. v. Saul</u>, 2021 WL 2156412 *7-9 (D.Kan. 5/7/2021).  One of the cases cited as supporting the reversal and remand was <u>Alissia M. v. Saul</u>, 2020 WL 1847745 (D.Kan. 4/13/2020).  After his decision in <u>Alissia M.</u> to reverse the denial of benefits, Judge

---

[1] Dictionary of Occupational Titles

2

Melgren denied the plaintiff's EAJA application on the grounds that the Commissioner's decision was substantially justified. He noted that this was an "area of unsettled law with divergent decisions throughout the Tenth Circuit," that the reasons for distinguishing contrary results were subject to fair differences of opinion, and that the Tenth Circuit has not ruled clearly on the matter. McNary v. Saul, 2020 WL 5942283 *2 (D.Kan. 10/7/2020). The court also cited C.P. v. Saul, 2020 WL 6544582 (D.Kan. 11/06/2020). In C.P., a denial of benefits was reversed by Judge Broomes because the ALJ did not address whether a limitation to one-to-two-step instructions was inconsistent with a vocational expert's testimony that the claimant could perform jobs requiring level-two reasoning. The government argued, as it did in this case, that the DOT reasoning level referred to educational background and not to the mental or physical abilities needed to perform the job. While Judge Broomes rejected the government's position after reviewing conflicting authority within the District of Kansas, he did characterize it as "not unreasonable." Id. at *7.

The EAJA requires this court to award fees to a prevailing party in an action against the United States "unless the court finds that the position of the United States was substantially justified." 28 U.S.C. § 2412(d)(1)(A). The test is one of reasonableness in law and fact. Gilbert v. Shalala, 45 F.3d 1391,

1394 (10th Cir. 1995). "[T]he government's position must be justified to a degree that could satisfy a reasonable person [and] . . . can be justified even though it is not correct." Hackett v. Barnhart, 475 F.3d 1166, 1172 (10th Cir. 2007)(quotations and citations omitted). The government has the burden to make this showing. Id. The government is more likely to meet this standard when the governing law involved is "unclear or in flux." Martinez v. Secretary of Health & Human Services, 815 F.2d 1381, 1383 (10th Cir. 1987).

There is a significant dispute among courts, even within this district, as to the issue which led to the reversal and remand in this case. The court agrees with Judge Melgren's view in denying the EAJA application in McNary and concludes that the Commissioner's position was reasonable and substantially justified. Therefore, the application for attorney's fees, Doc. No. 19, shall be denied.

**IT IS SO ORDERED.**

Dated this 14th day of October 2021, at Topeka, Kansas.

s/Sam A. Crow
U.S. District Senior Judge